(33 Misc. Rep. 448.)

## In re STOKES.

(Supreme Court, Special Term, Onondaga County. December, 1900.)

FIRE WARDENS—PERSONS ASSISTING—COMPENSATION—MANDAMUS.

Laws 1895, c. 395, as amended by Laws 1896, c. 655, § 277, authorizes the fire wardens to call on any person within the town territory to go and help extinguish the fire, and section 278 declares that each person assisting in extinguishing or who shall have been ordered to the place of the fire shall receive a certain compensation for his services. *Held*, that a person who voluntarily rendered services at a forest fire was not entitled to compensation from the town for such service, since the statute applied only to persons rendering services at the request of the fire warden, and hence mandamus to compel the town board to audit a claim for such service would be denied.

Application by the people, on relation of Nathaniel Stokes, for a writ of mandamus against the town of Adams. Application denied.

William H. Gilman, for the motion.

Coley & Davis, opposed.

HISCOCK, J.　This is an application for a peremptory writ of mandamus requiring the town board of the town of Adams, in Jefferson county, to audit and allow the claim of Nathaniel Stokes for services rendered at a fire in the fields and woods of said town in August, 1898. No question of fact is presented. It is claimed in support of the application, and not denied, that in August, 1898, a fire broke out in the town of Adams, which burned for several weeks, and at times was uncontrollable, and in the end extended over, perhaps, 1,000 acres. Neither is there any question that during the prevalence of the fire the petitioner, in common with other citizens in that town, rendered services in trying to control and extinguish the fire. The supervisor of the town, as fire warden, summoned some of these people to assist, but no request for assistance was made by said supervisor to the petitioner and many other people. The sole question is whether, under those circumstances, the relator has laid any foundation for a claim against the town under the statutes which apply to this subject. I do not believe that he has. I think that a request upon the part of the supervisor is an essential element to a claim in his behalf against the town. The subject is covered by sections 276, etc., of chapter 395 of the Laws of 1895, as amended in chapter 655 of the Laws of 1896, and which act, among other

things, relates to the appointment of fire wardens, their duties and powers, etc. Jefferson county is not one of the counties within which fire wardens are to be appointed. In all towns within it, therefore, under section 279, supervisors are to be fire wardens ex officio; but said section provides that "there shall be applicable to them all the provisions of this act with reference to town and district fire wardens," and we therefore look back to the provisions with reference to such fire wardens. Section 277 provides, in substance, that a fire warden may call on any person within the territory named to go to a fire and render assistance in extinguishing it or controlling its progress. Section 278 provides for the compensation of fire wardens, and then, in addition, says:

"Each person assisting in extinguishing a forest or woodland fire, or who shall have been ordered to go to the place where such fire may be burning, shall receive a compensation of two dollars per day for the time actually employed."

I think that the plan of these sections, from which I have made brief quotations in their entirety, is that the fire warden shall be charged with the duty of looking after and suppressing fires, and that he shall have the power to summon all needed assistance, and that anybody who renders such assistance upon his request, or even goes to the place of the fire, even though he does nothing, shall receive compensation for it, and that this plan excludes the idea upon which the petitioner relies, that any number of volunteers may go to a fire without request, and perhaps without the knowledge, of the fire warden, and then subsequently make claim for compensation. It is suggested that there is hardship in the case of the petitioner, who has rendered meritorious services, unless he shall receive compensation. That may be so, but I think the difficulties which may flow from the construction which I have given to the statute will not be so great as might those arising from the construction contended for. A person going to a fire can very readily see the fire warden and arrange for compensation, if his services are desired. On the other hand, if a request, express or implied, by the fire warden is not necessary, a town may be subjected to great expense for unnecessary services. If people might go to a fire in any number, upon their own motion, it is probable that their services would not be very systematic or valuable, and certainly a town would be subjected to burdensome liabilities. The motion is therefore denied, with $10 costs.

Motion denied, with $10 costs.